UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21568-Civ-COOKE/TURNOFF

ELIZABETH RAMOS COLLADO,
*et al.*,

    Plaintiffs

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

THIS MATTER is before me on Defendant's Motion to Strike Plaintiffs' Expert. (ECF No. 26). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided in this Order, Defendant's Motion is granted.

This Court entered a Scheduling Order in this case on January 4, 2011. (ECF No. 12). Pursuant to that Order, the deadline for Plaintiffs to furnish their expert witness lists to Defendant, along with applicable summaries/reports, was April 12, 2011. (ECF No. 12). On April 28, 2011, Plaintiffs furnished Defendant with their expert disclosures, naming Karen A. Hayes, as an expert. (*See* ECF No. 26-1). On May 6, 2011, the parties filed a Joint Motion for Extension of Time to Complete Discovery. (ECF No. 23). I denied the parties' Motion, finding that the request for an extension of time was based solely on the parties' lack of diligence in pursuing this matter. Expert discovery closed on May 20, 2011. Calendar call is set for September 21, 2011, less than two months from now. Trial is set to commence September 26, 2011.

The expert disclosure requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure "is intended to provide opposing parties reasonable opportunity to prepare for

effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). Rule 37 provides sanctions for violations of Rule 26(a)(2)(B), including striking the expert witness altogether, or compelling disclosure. If the failure to disclose was "substantially justified or is harmless," then the party may still use that witness. *See* Fed. R. Civ. P. 37(c)(1); *OFS Fitel, LLC*, 549 F.3d at 1363. "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x. 821, 824 (11th Cir. 2009) (citation omitted). The exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party. *See SEC v. Huff*, No. 08-60315, 2010 WL 228000, at *3 (S.D. Fla. Jan. 13, 2010); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317, 2005 WL 5955699, at *9 (S.D. Fla. Feb. 2, 2005).

      Plaintiffs' expert report is untimely. Plaintiffs submitted their expert disclosure on April 28, 2011, two weeks after the Court-ordered deadline. Plaintiffs never sought an extension of time before the relevant deadlines had passed, nor did they seek leave from this Court to submit the disclosure out of time. The Plaintiffs' expert disclosure identified the expert witness, Karen A. Hayes, provided a copy of her curriculum vitae, and stated:

> It is anticipated that Ms. Hayes will testify regarding the danger of passengers tripping over the fire door thresholds, designs which are available to make them safer, and the lack of warnings at the location where Plaintiff tripped and fell while aboard the Defendant's vessel.

Plaintiffs state that they subsequently provided Defendant with Ms. Hayes's expert report on June 14, 2011, along with a copy of a list of cases in which Ms. Hayes has testified, her fee schedule, and photographs Ms. Hayes relied upon in reaching her opinions. Defendant's counsel provided an affidavit stating that although he received an email from Plaintiffs' counsel

2

purporting to attach these documents, they were not in fact attached.  (*See* ECF No. 29-1).  In response, Plaintiffs' counsel submitted an affidavit acknowledging that there was a technical problem with one of the files sent to Defendant's counsel, but noted that Defendant's counsel never brought the problem to his attention.  (See ECF No. 32).  On July 1, 2011, Plaintiffs sent a copy of the report to Defendant.  Although I agree that the more appropriate manner for Defendant to handle this particular situation would have been inform Plaintiff promptly of the problem, it does not affect the outcome of the present issue.  Whether Plaintiff sent the report on June 14, 2011, or July 1, 2011, is immaterial; either date was after the April 12, 2011 deadline for expert disclosures, and after close of expert discovery.

Compliance with Rule 26 "is not merely aspirational."  *OFS Fitel, LLC*, 549 F.3d at 1363.  Rather, Rule 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  *Id.*  Expert discovery is now closed.  Permitting Ms. Hayes to testify would prejudice Defendant, who has not been able to depose her or obtain a rebuttal expert.  Moreover, extending discovery at this late stage in litigation is inappropriate.  The parties must file their Joint Pretrial Stipulations in less than a month and trial begins in two months.

Plaintiffs' argument that they will be "severely prejudiced" if their expert is excluded is unpersuasive.  Ms. Hayes was to testify "regarding the danger of passengers tripping over the fire door thresholds, designs which are available to make them safer, and the lack of warnings at the location where Plaintiff tripped and fell while aboard the Defendant's vessel."  Jurors can readily comprehend, without the aid of an expert, that tripping over a fire door threshold can be dangerous.  Plaintiffs can establish this fact through their own testimony about Ms. Collado's injuries.  Additionally, Plaintiffs can easily establish that there were no warnings at the location where Ms. Collado tripped through testimony and other evidence such as photographs.  Finally,

whether there are alternate designs that might make the fire door safer is, at best, tangential to the main issues in this case.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Strike Plaintiffs' Expert (ECF No. 26) is **GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29TH day of July 2011.

*(signature)*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*